

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

MEMO ENDORSED

March 12, 2026

<u>BY ECF</u>

Hon. Victoria Reznik
United States Magistrate Judge
Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Newhall v. Ritter,* 26-CV-1113 (PMH) (VR)

Your Honor:

The above-captioned *pro se* federal habeas petition is presently before this Court. On behalf of respondent Michael Ritter, I write to respectfully request that this Court place the *pro se* petition (ECF No. 1 and ECF No. 1-1) under seal to protect the identity of the sexual assault victim of petitioner Vernon Newhall's crimes.

Petitioner challenges his 2017 Sullivan County conviction following a jury trial of two counts of Rape in the Second Degree (Penal Law § 130.30(1)), Criminal Sexual Act in the Third Degree (Penal Law § 130.40(2)), Rape in the Third Degre (Penal Law § 130.35(2)), and Endangering the Welfare of a Child (Penal Law § 260.10(1)). The conviction arises from petitioner's sexual relationship with the victim between 2014 and 2016, when she was a minor. Petitioner is currently 59 years old.

In addition to frequently mentioning the victim by name, the petition also identifies the victim's relatives and describes how they are related to the victim. *See* ECF 1, at 3-7, 15-16, 21-23, 30-32; ECF 1-1, at 1-2, 7-9). From this information, a member of the public reading the petition could readily identify the victim.

This Court should grant the application for partial sealing. While there is a presumption of public access to judicial documents, such documents may be sealed when there are countervailing factors such as privacy interests at stake, and where "specific, on the record findings are made demonstrating that closure is essential to

preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Courts have recognized the privacy interests of crime victims as a countervailing factor that must be balanced against the presumption of access to determine whether sealing is appropriate. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). "[T]he privacy of victims of sexual offenses; the physical safety of such victims . . . and the goal of encouraging victims of such crimes to report these offenses without fear of exposure" are "highly significant interests[.]" *The Florida Star v. B.J.F.*, 491 U.S. 524, 537 (1989). The importance of safeguarding a sexual assault victim's identity is therefore a "compelling reason" to limit the general public's access to documents filed in a case. *Scott v. Graham*, 16-CV-2372, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016); *see also Winkfield v. Duncan*, 12-CV-3237, 2013 WL 360400, at *3 (E.D.N.Y. Jan. 24, 2013) ("Our society has undoubtedly recognized that victims of sexual assault have a strong interest in keeping their identities private."). Accordingly, "[i]n habeas proceedings seeking relief from convictions for sex offenses, numerous courts . . . have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity." *Scott*, 2016 WL 6804999, at *1 (collecting cases).

Sealing the petition will also further federal-state comity, and permit respondent and respondent's counsel to comply with their obligations under state law. Habeas review reflects an enduring judicial interest in federal-state comity. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (noting comity underlies the adequate state ground and exhaustion doctrines) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). New York Civil Rights Law § 50-b(1) requires that the "identity of any victim of a sex offense . . . shall be confidential," and as such, "[n]o report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." A public officer's wrongful disclosure of such confidential records can expose the officer to civil liability. *See* N.Y. Civil Rights Law § 50-c. Habeas courts often grant sealing on this basis. *See, e.g., Murphy v. Warden of Attica Corr. Facility*, 20-CV-3076, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) (collecting cases).

This Court should not conclude that the victim, who is not party to this litigation, waived privacy rights. "[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation," *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (internal citation and quotation marks omitted); *see Watson v. NY Doe 2*, 19-CV-533, 2025 WL 2662306, at *19 (S.D.N.Y. Sept. 17, 2025). To be sure, the victim's cooperation in the prosecution by testifying at petitioner's trial may have entailed some degree of publicity. However, that participation occurred in the context of New York Civil Rights Law § 50-b, which greatly restricted government disclosure of identifying information. It would be unfair to infer a complete waiver of privacy from such limited consent, especially since the victim is not party to this habeas litigation.

Respondent has not contacted petitioner about this request as he is *pro se* and incarcerated.

For the foregoing reasons, this Court should direct that the petition be placed under seal.

Respectfully submitted,

*/s/ Robert Juman*

Robert Juman
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel. 212-416-8784
Email: Robert.Juman@ag.ny.gov

**DECLARATION OF SERVICE**

ROBERT JUMAN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that on March 12, 2026, he served petitioner with the attached letter by mailing it, via the U.S. Postal Service, to him at the address below:

VERNON NEWHALL
17-A-4196
Eastern N.Y. Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

Executed:    March 12, 2026

*/s/ Robert Juman*
ROBERT JUMAN, Bar No. 2775054
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8784
Robert.Juman@ag.ny.gov

For the reasons stated above by Respondent, his request is **GRANTED**. The Clerk of Court is directed to maintain ECF Nos. 1 and 1-1 under seal.

The Clerk of Court is directed to close the gavel associated with ECF No. 8.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 3/13/2026