

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 6, 2026

BY ECF

**MEMO ENDORSED**

Hon. Victoria Reznik
United States Magistrate Judge
Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Newhall v. Ritter,* 26-CV-1113 (PMH) (VR)

Your Honor:

The above-captioned *pro se* federal habeas petition is presently before this Court. Respondent Michael Ritter intends to file a motion to dismiss the petition based on timeliness. In connection with that motion, I write to respectfully request that this Court allow respondent to file the state court record (other than court decisions) under seal in order to protect the identity of the sexual assault victim of petitioner Vernon Newhall's crimes.

Respondent previously moved the Court to place the petition under seal in order to protect the privacy of the victim (ECF 8). The Court granted the motion on March 13, 2026 (ECF 9). Respondent incorporates by reference the legal arguments set forth in its original motion, and submits that the same principles warrant sealing of the state court record (other than court decisions).

The state court record in this matter is approximately 1500 pages and includes two post-conviction motions to vacate and a direct appeal. Most of the documents in the state record identify the victim by name. In addition, the documents identify by name the victim's half-sister and mother by name, which makes it readily possible to identify the victim. While it would be theoretically possible to manually redact the state court record to remove these references, the number of redactions would be numerous, and there would remain a risk that some references would be overlooked. Moreover, the amount of redactions necessary could render portions of the record

confusing, as the Court may not be able to tell which individual's name has been redacted.

Respondent does not request sealing of any court decisions, such as the Appellate Division decision or court orders which do not identify the victim in any way. However, one court decision, the order denying petitioner's first motion to vacate, does identify the victim. With respect to that decision, respondent intends to redact the references that readily identify the victim.

Respondent has not contacted petitioner about this request as he is *pro se* and incarcerated.

For the foregoing reasons, this Court should permit respondent to file the state court record (other than state court decisions) under seal.

Respectfully submitted,

*/s/ Robert Juman*

Robert Juman
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel. 212-416-8784
Email: Robert.Juman@ag.ny.gov

## DECLARATION OF SERVICE

ROBERT JUMAN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that on April 6, 2026, he served petitioner with the attached letter by mailing it, via the U.S. Postal Service, to him at the address below:

VERNON NEWHALL
17-A-4196
Eastern N.Y. Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

Executed:     April 6, 2026

__*/s/ Robert Juman*_____
ROBERT JUMAN, Bar No. 2775054
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8784
Robert.Juman@ag.ny.gov

For the reasons stated by Respondent above and in ECF No. 9, Respondent's request is **GRANTED**. Respondent is directed to file the state court record under seal when he files his motion to dismiss Petitioner's habeas petition.

The Clerk of Court is directed to close the gavel associated with ECF No. 10.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.
Dated: 4/7/2026